UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Ronald L. Boyer,

Plaintiff,

vs.

Kathleen Hawk Sawyer, Director, BOP; Marty C. Anderson, Warden, FCI-Sandstone; Deborah Hickey, Associate Warden; Tracy Kilsdonk, Unit Manager; Sue Pedersen, Disciplinary Hearing Officer; Mark Diggen, Teacher; Neal Johnson, Teacher; G. Truehart, Correctional Officer;

Defendants. Civ. No. 01-580 (JMR/RLE)-

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of April, 2001.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiff's Motion for Appointment of Special Process Server. The Plaintiff appears pro se, and, since the Complaint has not yet been

(8)

FILED APR 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

served, the Defendants make no appearance for the purpose of this Motion. For the reasons which follow, we deny the Plaintiff's Motion.

The Plaintiff is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. He has commenced this action contending that the Defendants have violated his rights under the First, Fourth, Fifth, and Eighth Amendments to the United States Constitution. Currently, he asks that we appoint a fellow inmate, Othoniel Cantres ("Cantres"), as a "special process server" in this case, so that the Defendants, other than Kathleen Hawk Sawyer, can be served in person. Ms. Sawyer, who is the Director of the Bureau of Prisons, will be served by certified mail. The Plaintiff requests a special process server, in accordance with Federal Rule of Civil Procedure 4(c)(2), and he cites Benny v. Pipes, 799 F.2d 489 (9th Cir. 1986), as authority for his request. The reason for the request is "to protect both Mr. Boyer and Mr. Contres [sic] from staff retaliation if Mr. Cantres personally serves the defendants named herein." See, Motion for Appointment of Special Process Server, at ¶5.

Rule 4(c)(2) provides, in pertinent part:

> Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States marshall, deputy

> United States marshall, or other person or officer specifically appointed by the court for that purpose.

In Benny v. Pipes, supra, the Court of Appeals for the Ninth Circuit was not addressing the appointment of a special process server but, rather, was considering whether service could be effected by a prisoner. Id. at 489. In that case, two convicted felons filed suit against prison guards. Id. Service on the guards was effected by fellow prisoners who were over the age of eighteen, and who were not parties to the action. Id. When the guards did not answer the Complaint, the District Court entered a Default Judgment against them. Id. The Court of Appeals upheld the entry of the Default Judgment and, in doing so, determined that the only restriction imposed by Rule 4, Federal Rules of Civil Procedure, on who can serve process, are that the individual must be at least eighteen years old, and must not be a party to the action. Id. at 494. Thus, service of process by the prisoners was proper.

While Benny may be instructive in determining whether Cantres can serve the Complaint on the Defendants, it does not control our decision concerning the appointment of a special process server. We are hesitant to appoint a prisoner as a special process server, thereby authoring him, by virtue of some imprimatur of the Court, to serve process on Defendants who are located within the same

prison system in which he resides. While the service of process should be an uneventful, perfunctory act, we can well envision a scenario where, vested with Court authority -- even of a most minimal sort -- the contact through service of process would become confrontational.

We are most mindful of the tensions of a prison setting, and we do not wish to unnecessarily bring the Court's presence into that setting except upon a showing of cause. Here, the Plaintiff merely offers his surmise that, absent Court empowerment, he or Cantres could be the target of retaliation. We seriously doubt that the Plaintiff's choice to use an alternative means of service, such as that provided by Rule 4(d), Federal Rules of Civil Procedure, would either be impractical, or would instill the potential for discord, as would be the case of a Court-appointed process server. Finding that the appointment is unnecessary, and contra-indicated by the realities of prison life, we deny the Plaintiff's Motion.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiff's Motion for Appointment of Special Process Service [Docket No. 3] be DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE